THOMAS WILBOR *et al.* EX'RS. *vs.* FRANK A. BUCKHOUT, Adm'r. &c. *et al.*

JANUARY 14, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Equity. Non-Execution of Power. Intent. Wills.*

By will the widow was given a life estate in the residuary property of testator, with power if the income was not sufficient for her for any purpose, for which she might wish to spend money, to use any part or all of the residue and to sell the residuary estate in her own name. The widow qualified as executrix, and deposited certain securities of the estate standing in the name of her husband with a trust company with directions to hold the same subject to her instructions. Later she obtained a letter of credit from the trust company against which she drew drafts, and while absent from the country died. On bill filed by her executor setting out that it was her intention to reimburse herself for certain expenditures consequent upon her illness and otherwise, out of the estate of her husband, and also for charges and expenses borne in connection with the administration of her husband's estate as well as compensation for services as executrix, and seeking to have a lien declared upon the securities, left with the trust company for such expenses and expenditures:—

*Held,* that in the absence of any steps taken by the widow indicating an intent to exercise the power conferred upon her (and the mere deposit of the securities with the trust company without further instructions, would not justify the inference that she intended them as security for any drafts she might draw against the letter of credit), equity could not aid the non-execution of the power, for the non-execution of a power cannot be aided by proof of an intention to execute.

(2) *Wills. Powers. Probate Law.*

*Held,* further, that as the estate of the husband was in course of administration by the probate court, and was able to pay any charges to which the estate of the widow was entitled, that court which had acquired jurisdiction prior to the filing of the bill, was the appropriate place for the settlement of the account of the widow as executrix.

(3) *Equity Pleading. Multifariousness.*

A bill in equity is multifarious if it embraces different distinct matters of diverse nature, calling for separate remedies; so an individual claim of an executrix cannot be joined in the same bill with a claim against the estate as executrix.

BILL IN EQUITY on facts fully stated in opinion. Heard on appeal of complainants from decree sustaining demurrer to bill, and appeal denied and decree affirmed.

VINCENT, J. This cause comes to us upon the appeal of the complainants from a decree of the Superior Court sustaining the demurrer of the respondents and dismissing the bill. The complainants are the executors of the estate of Louise W. Aldrich and the respondent is the administrator *d. b. n. c. t. a.* of the estate of E. Frank Aldrich. The complainants seek an accounting between the estate of Louise W. Aldrich and the estate of her husband, E. Frank Aldrich, and incidentally a lien upon certain stocks standing in the name of E. Frank Aldrich at the time of the death of Mrs. Aldrich.

Under the will of E. Frank Aldrich his widow, Louise W. Aldrich, had a life estate, during widowhood, in his residuary property and the will provided that, "if said income shall in her judgment be insufficient for her support, comfort, enjoyment, or for any other purpose for which she may wish to spend money, it is my will that she may, at any time while she shall remain my widow and unmarried as aforesaid, spend any part or all of the aforesaid rest and residue of my said personal estate and of the proceeds arising from the sale of any of the aforesaid rest and residue of my personal or real estate; and I hereby give her power, in her absolute discretion, during the time she shall remain my widow and unmarried as aforesaid, to sell, in her sole and individual name, any of the aforesaid rest and residue of my personal and real estate, and to transfer or convey the same by deed or other instrument, in her own name, for the purpose of using the proceeds derived from such sale or sales for any of the aforesaid purposes, or for investment, re-investment or change of investment."

Mrs. Aldrich was duly appointed and qualified as executrix of the will of her husband, E. Frank Aldrich. Pending her appointment as such executrix she deposited with the respondent the Rhode Island Hospital Trust Company certain securities belonging to the estate and standing in the name of her husband, E. Frank Aldrich, with instructions to said trust company to keep the same until she should give

further instructions regarding their disposition. No further instructions were ever given by Mrs. Aldrich relating to such securities.

Later, in contemplation of a trip to South America, Mrs. Aldrich obtained a letter of credit from the respondent trust company against which she afterwards drew drafts amounting in the aggregate to some $4,750.

While sojourning in South America, Mrs. Aldrich was taken ill and died. The bill alleges that prior to her death she was obliged to expend large sums of money consequent upon her illness and otherwise and that it was her intention upon her return to reimburse herself for such expenditures from the estate of her husband; under the powers conferred upon her by his will, and also for certain charges and expenses which she had borne in connection with the administration of her husband's estate, as well as compensation for her services as executrix.

The bill further alleges that Mrs. Aldrich had not rendered a final account as executrix under the will of her husband and had taken no steps toward reimbursing herself for expenditures as she was authorized to do by the terms of her husband's will and which she fully intended. to do but was prevented from doing by death.

The bill prays that the respondent the Rhode Island Hospital Trust Company may be directed to deliver to the complainants the said securities or if they have been delivered to the respondent Buckhout that he be declared to hold them in trust for the complainants and that the complainants may have a lien upon such securities for the money spent by Mrs. Aldrich and for any administration expenses incurred by her in connection with the settlement of the estate of her husband.

The respondents demurred to the complainants' bill upon three grounds.

"FIRST. It appears by the said bill that Louise W. Aldrich received a life interest in the Estate of E. Frank Aldrich coupled with a power to convert any portion or all

of the principal of the estate for her own use, should the income therefrom for any reason prove insufficient; that this power was never exercised by said Louise W. Aldrich nor did she resort to the *corpus* of the estate for funds at any time during her life, and the fact that she intended to reimburse herself for expenses incurred by her for her support, and was prevented from doing so as alleged in said Bill of Complaint, does not give her Executors any right to demand such reimbursement.

"SECOND.   It appears by said bill, and the matters therein set forth, that the complainants seek reimbursement for money expended in the administration of the estate of E. Frank Aldrich and for a reasonable fee as Executor. Whereas these matters are properly cognizable in the Municipal Court of the City of Providence, in which Court the Will was probated and by which Court the respondent was appointed; and in the event that the complainants in behalf of Louise W. Aldrich are entitled to said fees, they have a complete, simple and adequate remedy in the Municipal Court of the City of Providence, which has sole, original and exclusive jurisdiction of the matters set out in the said Bill of Complaint.

"THIRD.   It appears by said bill that the complainants have joined divers and independent matters which are not properly contained in one bill; in that they seek to combine a claim which was possessed by the said Louise W. Aldrich in her individual capacity with a claim for reimbursement for expenses and compensation possessed by said Louise W. Aldrich in her capacity as Executrix of the Will of said E. Frank Aldrich."

It does not appear that Mrs. Aldrich at any time subsequent to the death of her husband availed herself, or attempted to avail herself, of the provisions of his will whereby she was empowered, entirely in her own discretion, to reimburse herself for any sum or sums of money which she might see fit to expend in excess of the income of his estate.

While the bill alleges that it was her intention upon her return from her South American trip to reimburse herself from the principal of her husband's estate for certain large and unusual expenditures incident to her illness, it is quite evident that such allegation can have no other basis than the supposed mental attitude of Mrs. Aldrich which might lead her to defray such expenses out of the residuary estate of her husband which after her death would go to and be enjoyed by others. It is not claimed that Mrs. Aldrich took any steps indicating an intent to exercise the powers conferred upon her under the will of her husband enabling her to use the principal of his estate.

In this situation we think that the first ground of demurrer must be sustained. The law seems to be well settled that a court of equity cannot aid the non-execution of a power. In *Brown* v. *Phillips*, 16 R. I. 612, an estate was devised to the wife for life, "with power to sell so much and such part of the same, from time to time, as she might think necessary for her comfortable support." The court in its opinion and citing from the case of *Tollett* v. *Tollett*, 2 P. Wms. 490 said: "The 'court will not help the non-execution of a power, since it is against the nature of a power, which is left to the free will and election of a party whether to execute or not; for which reason equity will not say he shall execute it, or do that for him which he does not think fit to do himself.' In order to sustain an execution of a power, the instrument must, at least, show an intention or attempt to execute it . . . but the non-execution of a power cannot be aided by proof of an intention to execute."

In *Ryan* v. *Mahan*, 20 R. I. 417, the testator bequeathed to his wife all the property which he possessed for her use and benefit and with authority to use so much of it as might become necessary for her support and comfort, even if it should take the whole of it, but with no power to sell or dispose of it for any other purpose. An attempt was made to have the debts of the deceased life tenant made a charge

upon the estate and the court said, "We know of no principle by which the debts incurred by Mary Mahan, the widow of John Mahan, for her support and comfort, can be collected from or made a charge on her husband's estate. His will gave his estate to her for her use and benefit during her life and conferred on her power to sell or dispose of it for her support and comfort. Her interest in the estate ceased with her life. The power to sell was personal to her. She died without exercising it, and no one has power to execute it in her stead." See also 2 Pomeroy, 4th Ed. Sec. 828, note 2.

We think that the second ground of demurrer must also be sustained. The estate of E. Frank Aldrich is in the course of administration by the Municipal Court of the city of Providence. That estate, so far as appears, is able to pay any fees or charges to which the estate of Mrs. Aldrich may be entitled. As executrix of her husband's estate she had the right to a reasonable compensation for her services as such and also the right to be reimbursed for any expenditures incurred by her in the administration of such estate; and such rights as she would have had, if living, pass upon her death to the benefit and advantage of her own estate. It would be competent for those upon whom the settlement of Mrs. Aldrich's estate may now devolve to present to the municipal court for adjudication her account with her husband's estate in which account charges for compensation and expenditures of administration might properly appear.

Prior to the filing of the complainants' bill the will of E. Frank Aldrich had been admitted to probate by the Municipal Court of the city of Providence and Mrs. Aldrich had become duly qualified to act as executrix thereof.

In the case of *Blake* v. *Butler*, 10 R. I. 133, this court said, "Our jurisdiction in such cases is only jurisdiction concurrent with that of the court of probate, and in the case of concurrent jurisdiction, the court which first takes jurisdiction of the subject must exclusively adjudicate, and

neither party can be compelled into another court for anything that may be adjudicated by the first. If the administrator neglect or refuse to account with the court of probate according to the condition of the bond, this court might properly and must from necessity compel an account, but in no case if he is in the process of accounting and before this is completely determined."

In *Dean* v. *Rounds*, 18 R. I. 436, a bill in equity was filed against an administrator for an account. During the pendency of the bill the administrator filed his account in the probate court. Afterwards the complainants preferred their petition in the equity cause praying that the administrator might be enjoined from the prosecution of his account in the probate court. The court held that as letters of administration had been issued to the administrator and bond to account to the probate court had been given by him the probate court had acquired jurisdiction of the subject matter of the suit and the petition for an injunction was denied. The court in its opinion affirmed the doctrine laid down in *Blake* v. *Butler, supra,* that, "the court which first takes jurisdiction of the subject must exclusively adjudicate, and neither party can be compelled into another court for anything that may be adjudicated by the first" and went on to say further, "We think the more appropriate place for the settlement of the accounts of an administrator in the first instance is in the Probate Court from whence he obtained his authority to administer, and to which he expressly bound himself to account."

In *Gorman* v. *McCabe*, 24 R. I. 245, a case in which a question of constructive fraud arose, this court assumed original jurisdiction on the ground that it would not be within the province of a court of law to declare void the release in question.

We have examined the case of *Moulton* v. *Smith*, 16 R. I. 126 where it was held that an administrator being entitled to retain out of the estate of his wife so much as was necessary to reimburse him for the funeral and probate expenses paid

by him and to compensate himself as administrator, such right of retainer was equivalent to a special lien enforceable by himself for his own benefit and might be enforced in equity after his death for the benefit of his estate.

We do not feel that we can give to that case a controlling influence in the dispostion of the questions which are now submitted to us. The reimbursement of Mrs. Aldrich for personal expenditures, out of the estate of her husband, depended upon the exercise of the powers conferred by the will. These powers she never exercised nor, so far as appears, attempted to exercise. The mere deposit of securities in the hands of the respondent trust company for safe keeping and without any further instructions regarding their disposition would not justify the inference that she intended them as a security for any drafts which she drew against her letter of credit, in the absence of anything which might indicate such an intent. Reimbursement for any expenditures made by Mrs. Aldrich on account of her husband's estate, as well as the amount due her as compensation for services as executrix, can be readily and properly reached and secured to her estate through the medium of the municipal court which has jurisdiction and where such matters are properly considered and adjudicated.

(3) The third ground of demurrer, that the bill is multifarious need not be discussed at length in view of the conclusions which we have already reached. The law is well settled that a bill in equity is multifarious if it embraces different distinct matters of diverse nature calling for separate remedies. It seems to us that the complainants have attempted to join an individual claim of Mrs. Aldrich with a claim against her husband's estate as executrix and that the same cannot be properly joined in the same bill.

The decree of the Superior Court dismissing the complainants' bill is affirmed and the cause is remanded to that court for further proceedings.

*Herbert Almy*, for complainants.

*Tillinghast and Collins*, for R. I. Hospital Trust Co.

*Comstock & Canning*, for other respondents.